UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-171 (HHK) |
| v. | : | |
| MARK STUBBLEFIELD | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS COMPLAINT**

The United States, by and through it attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to dismiss complaint.

**A. Background**

On May 12, 2008, following a probable cause arrest, defendant Mark Stubblefield was booked on a Superior Court charge, that is, possession of drug paraphernalia, in violation of 48 D.C. Code § 1103. The defendant did not make cut off on May 12, 2008, and thus that case was not presented to the United States Attorney's Office until May 13, 2008, at which time the United States Attorney's Office no-papered the case.

The defendant was not released on May 13, 2008, because there was a pending warrant that had been issued that same day, charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). That is the case which is now before this Court. On May 13, 2008, the defendant appeared before Magistrate Judge Alan Kay for his initial appearance on the violation of 18 U.S.C. § 2113(a) that was charged in a criminal complaint. At that hearing the government requested that the defendant be detained pursuant to 18 U.S.C. §§ 3142(f)(1)(A) and 3142(f)(2)(A). These holds were granted, and a preliminary hearing and detention hearing were scheduled for May 16, 2008.

1

On May 16, 2008, the preliminary and detention hearings were held, and Magistrate Judge Kay found probable cause that the defendant had committed the charged offense. The defense requested a continuance to determine if Virginia had lodged a detainer against the defendant in another matter. As such, Magistrate Judge Kay did not make a final determination regarding detention, and continued the matter until May 23, 2008. On May 23, 2008, in light of Virginia's decision to lodge a detainer against the defendant, the defendant conceded detention.

On June 13, 2008, a federal grand jury returned an indictment charging the defendant with six counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). On June 16, 2008, the defendant moved to dismiss the complaint with prejudice, alleging that the government failed to indict the defendant within thirty days of his arrest.[1]

## B. Discussion

As a preliminary matter, the defendant's motion to dismiss the complaint filed in this matter is moot, given that an indictment has already been filed in this matter. However, the government provides the following information in the event the defendant seeks to dismiss the indictment, as opposed to the complaint.

Under the rules governing the time within which an indictment must be filed, the indictment in this case was timely. The periods of excludable delay provided for in 18 U.S.C.§ 3161(h) are applicable to the 30-day arrest-to-indictment period mandated by 18 U.S.C. § 3161(b). See United States v. Salgado, 250 F.3d 438, 454, n.2 (6th Cir. 2001) (dicta) (excluding from 30-day period days

---

[1] Defendant's motion was initially filed in the magistrate case, and was then re-filed on June 20, 2008, in the instant case.

of initial appearance and detention hearing and period when defendant's motion for revocation of detention order was pending); United States v. Wright, 990 F.2d 147, 148-49 (4th Cir. 1993) (excluding from 30-day period 2 days on which initial appearance, government's motion for detention, preliminary hearing, and detention hearing occurred); United States v. Nabors, 901 F.2d 1351, 1355 (6th Cir. 1990) (excluding from 30-day period five days spent on miscellaneous "other proceedings" under 3161(h)(1), including the initial appearance, detention hearing, and preliminary hearing).

Had there been no excludable delay between the time of arrest and the time of indictment, the indictment in this case would have been due on June 12, 2008. Here, however, the indictment was not due until June 16, 2008, for the following reasons.

- First, May 13, 2008, is excluded, as it constitutes "the day of the act, event, or default that begins the period." See Fed. R. Crim. Pro. 45. (It must also be excluded because it represents the day of the defendant's initial appearance, which qualifies under 18 U.S.C. § 3161(h)(1) as a "period of delay resulting from other proceedings of the defendant.")

- Second, both May 14, 2008, and May 15, 2008 are excluded, as the government's motions for pretrial detention were pending during this time. See 18 U.S.C.§ 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion").

- Third, May 16, 2008, the date of the defendant's preliminary and detention hearings, is excluded, as it qualifies under 18 U.S.C. § 3161(h)(1) as a "period of delay resulting from other proceedings concerning the defendant."

- Finally, May 23, 2008, the date the parties returned to Court to determine the defendant's detention status, is excluded under 18 U.S.C. § 3161(h)(1), as it constitutes a "period of delay resulting from other proceedings concerning the defendant."

The government returned the indictment in this case on June 13, 2008, well within the time period required by 18 U.S.C. § 3161(b), and thus defendant's motion should be denied.

### C. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny defendant's motion to dismiss.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
Catherine K. Connelly
Assistant United States Attorney
Federal Major Crimes Section
Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
(202)616-3384; Fax: 353-9414

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 08-171 (HHK)** |
| | : | |
| v. | : | |
| | : | |
| **MARK STUBBLEFIELD** | : | |
| | : | |

**ORDER**

WHEREUPON, having considered Defendant's Motion to Dismiss, the Government's Objection thereto, and the record herein, it is this _____ day of _____, 2008, hereby

ORDERED, that the Defendant's Motion is DENIED.

Date:_____

Henry H. Kennedy
United States District Judge

cc:

Catherine K. Connelly
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Jonathan Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, Suite 550
Washington D.C. 20004