UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 08-171 (HHK) |
| v. | : |
| MARK STUBBLEFIELD | : |

**SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

The United States, by and through it attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement to its opposition to defendant's motion to dismiss the complaint.

**A. Background**

On May 12, 2008, following a probable cause arrest, defendant Mark Stubblefield was booked on a Superior Court charge, that is, possession of drug paraphernalia, in violation of 48 D.C. Code § 1103. The defendant did not make the deadline for having his case processed on May 12, 2008, and thus that case was not presented to the United States Attorney's Office until May 13, 2008, at which time the United States Attorney's Office declined to pursue the criminal charges.

The defendant was not released on May 13, 2008, because there was a pending warrant that had been issued that same day, charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). That is the case which is now before this Court. On May 13, 2008, the defendant appeared before Magistrate Judge Alan Kay for his initial appearance on the § 2113(a) offense that was charged in a criminal complaint. At that hearing the government requested that the defendant be detained pursuant to 18 U.S.C. §§ 3142(f)(1)(A) and 3142(f)(2)(A). These detention requests were granted,

and a preliminary hearing and detention hearing were scheduled for May 16, 2008.

On May 16, 2008, the preliminary and detention hearings were held, and Magistrate Judge Kay found probable cause that the defendant had committed the offense charged in the complaint. The defense requested a continuance to determine if the Commonwealth of Virginia had lodged a detainer against the defendant in another matter. As such, Magistrate Judge Kay did not make a final determination regarding detention, and continued the matter until May 23, 2008. On May 23, 2008, in light of Virginia's decision to lodge a detainer against the defendant, the defendant conceded pre-trial detention.

On June 13, 2008, a federal grand jury returned an indictment charging the defendant with six counts of bank robbery, and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). On June 16, 2008, the defendant moved to dismiss the complaint with prejudice, alleging that the government failed to indict the defendant within thirty days of his arrest. Defendant's motion was initially filed in the magistrate case, and then was re-filed on June 20, 2008, in the instant case. (However, it was still captioned as a motion to dismiss the complaint, not the indictment.) On June 20, 2008, the government filed its opposition to the motion, in which the government listed the five days which are properly excludable from the Speedy Trial Act calculation. In court on June 24, 2008, defense counsel advised the Court that by filing its motion to dismiss the complaint, the defense sought dismissal of the entire indictment.

## B. Discussion

In its initial opposition, the government provided the Court with the periods of excludable delay which support its position that the indictment in this case was timely. The government now submits this supplement to oppose the defendant's request that the Court dismiss the entire

indictment, as opposed to the one count which was charged in the initial complaint.

In the complaint filed on May 13, 2008, the defendant was charged with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). This charge related to the April 7, 2008 robbery of Washington First Bank. The indictment returned on June 13, 2008, charges the defendant with *six* counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). These other counts relate to offense that occurred on days other than April 7, 2008. Count Five in the indictment relates to the count charged in the initial complaint.

18 U.S.C. § 3162 governs the sanctions for Speedy Trial Act violations, and the statutory language is clear: it requires dismissal only of "such charge against that individual contained in such complaint." 18 U.S.C. § 3162(a)(1). Courts have found that the scope of the 30-day rule is limited to the charge(s) contained in the complaint. See, e.g., United States v. Palomba, 31 F.3d 1456, 1462-64 (9th Cir. 1994). "Congress considered and rejected defendant's suggestion that the Act's dismissal sanction be applied to subsequent charges if they arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint." United States v. Napolitano, 761 F.2d 135, 137 (2d Cir. 1985); accord United States v. Mancia-Perez, 331 F.3d 464, 467-70 (5th Cir. 2003); United States v. Burgos, 254 F.3d 8, 15-16 (1st Cir 2001); United States v. Arellano-Rivera, 244 F.3d 1119, 1125 (9th Cir. 2001); United States v. Oliver, 238 F.3d 471, 473-74 (3d Cir. 2001); United States v. Derose, 74 F.3d 1177, 1184 (11th Cir. 1996); see also United States v. Bailey, 111 F.3d 1229, 1235-37 (5th Cir. 1997); United States v. Thomas, 55 F.3d 144, 147 n.2 (4th Cir. 1995); United States v. Nabors, 901 F.2d 1351, 1355 (6th Cir. 1990). As one court recently observed, courts apply §§ 3161(b) and 3162(a)(1) to pre-indictment delay in pursuing only the specific charges alleged in a pending complaint. As to

charges not so specified, a defendant's protections against pre-indictment delay are those provided by the applicable statutes of limitations and the speedy trial safeguards of the Due Process Clause. United States v. Gaskin, 364 F.3d 438, 452 (2d Cir. 2004), cert. denied, 544 U.S. 990 (2005).

Thus, defendant's assertion that the entire indictment must be dismissed is without merit, and should be summarily denied.

### C. Conclusion

For the foregoing reasons, and the reasons set forth in its prior opposition, the United States respectfully requests that the Court deny defendant's motion to dismiss the indictment.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

    /s/
Catherine K. Connelly
Assistant United States Attorney
Federal Major Crimes Section
Mass. Bar No. 649430
555 4th Street, N.W., Room 4844
Washington, DC 20530
202-616-3384; Fax: 202-353-9414

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 08-171 (HHK)** |
| | : | |
| v. | : | |
| | : | |
| **MARK STUBBLEFIELD** | : | |
| | : | |

## ORDER

WHEREUPON, having considered Defendant's Motion to Dismiss, the Government's Opposition and Supplement thereto, and the record herein, it is this _____ day of _____, 2008, hereby

    ORDERED, that the Defendant's Motion is DENIED.


Date:_____

                                                            Henry H. Kennedy
                                                            United States District Judge


cc:

Catherine K. Connelly
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Jonathan Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, Suite 550
Washington D.C. 20004