UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-171 (HHK) |
| | : | |
| v. | : | |
| | : | |
| MARK STUBBLEFIELD | : | |
| | : | |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
OTHER CRIMES EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a seven count indictment with six counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). Between January 29, 2008, and April 21, 2008, the defendant robbed six banks in D.C., and attempted to rob an additional bank in DC. In all but one of the robberies, the defendant handed the bank teller a note, and then retrieved the note before fleeing the scene. In six of the robberies, the defendant wore hat, and at times he used other methods to cover his features (i.e. sunglasses, a scarf, an umbrella).

At trial, the government expects that the defendant will deny involvement in the robberies. The following additional evidence therefore is relevant to the inquiries that a jury will be required to make regarding the defendant's identity, as well as his preparation and planning for the robberies. On April 25, 2008, the defendant entered the Bank of America at 1700 North Moore Street in

Arlington, Virginia. The defendant approached a teller window and passed up a handwritten note which read "This is a robbery." The defendant then grabbed the note back and said "Give me money, give me money." The teller provided the defendant with a stack of five dollar bills. The defendant then said, "I have a gun. Give me hundreds." The teller then provided the defendant with a stack of twenty dollar bills. The defendant was wearing a baseball hat and had his right arm over his face during the robbery.

      The note used and the statements made by the defendant in the Bank of America robbery are very similar to the notes used and statements made by the defendant in the D.C. robberies. The handwritten note used by the defendant in the January 29, 2008 robbery read: "Excuse me," "robbery" and "I got a gun." During the robbery, the defendant told the teller to "move it." The handwritten note used by the defendant in the March 21, 2008 robbery read: "This is a robbery. No one will be hurt. Give me all the big bills." The handwritten note used in the first March 26, 2008 robbery read: "This is a robbery, large bills, give me large bills. Hurry up." The handwritten note used in the March 26, 2008 attempted robbery read: "This is a robbery. Hand me large bills." The handwritten note used in the April 7, 2008 robbery read: "This is a robbery! Give me large bills." After the bank teller provided the defendant with $100 in bait money, she said "I do not have any large bills" and displayed an empty teller drawer. The defendant responded "Yes you have. Give me all $100 bills. This is a robbery. Hurry up!" The handwritten note used in the April 11, 2008 robbery read: "this is a robbery, give me large bills." The defendant then said, "only large bills." And in the April 21, 2008 robbery, the defendant approached the teller window and handed the teller a wadded up note. The teller began to open note to read it, when the defendant said "This is a stickup. Give me all your money." The defendant told the teller, "All your bills, big bills."

In each instance, the defendant retrieved the demand note before exiting the bank.

## Legal Analysis

Fed. R. Evid. 404(b) permits the introduction of others crimes that are extrinsic to the crimes charged to prove a material issue other than character, including motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. "Under the law of this circuit, 'Rule 404(b) is a rule of inclusion rather than exclusion,' . . . and it is 'quite permissive,' excluding evidence only if it is offered for the sole purpose of proving that a person's actions conformed to his or her character.'" U.S. v. Long, 328 F.3d 655, 660-61 (D.C. Cir. 2003) (citations and quotations omitted). Indeed, "under Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990).

In United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000), the D.C. Circuit described the analysis the Court must undertake in deciding whether to admit other crimes evidence:

> A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403. Stated more formally, a Rule 404(b) objection will not be sustained if: 1) the evidence of other crimes or acts is relevant in that it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed.R.Evid. 401; 2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and 3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act, see Huddleston v. United States, 485 U.S. 681, 689-90, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

232 F.3d at 930. In assessing the relevance of other acts evidence, the court "neither weighs

credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence." 485 U.S. at 690. As to the probative value of such evidence, the court should consider "the similarity of the bad act with the charged offense, the time separating the two events, and the prosecution's need for the evidence." United States v. Lavelle, 751 F.2d 1266, 1277 (D.C. Cir.), cert. denied, 474 U.S. 817 (1985) (citations and footnote omitted), abrogated on other grounds by Huddleston, 485 U.S. at 687, n. 5.

The proffered evidence that the defendant participated in at least one additional bank robbery within days of the charged bank robberies is relevant to show the defendant's identity, as is the fact that the defendant used the same modus operandi in Virginia.[1] See United States v. Lawson, 410 F.3d 735, 741 (D.C. Cir. 2005) (evidence of uncharged bank robbery committed the day after charged robbery properly admitted under Rule 404(b) because they "shared sufficient characteristics to permit an inference of identity").

The government seeks to introduce evidence of the Bank of America robbery in Virginia because of its similarities to the D.C. robberies. The fact that the same modus operandi was used is relevant and probative of the defendant's guilt in connection with the D.C. robberies, and therefore is admissible under Rule 404(b).

For these reasons, and any others that may be raised at a hearing on this issue, evidence of the Bank of America robbery should be admitted in order to help prove the defendant's identity as

---

[1] The government expects to supplement this motion with information about an additional robbery committed by the defendant in Virginia. Once that information becomes available, the government will file a supplement.

the man who robbed the banks in D.C.   See Dowling v. U.S., 110 S.Ct. 668, 672-73 (1990) (evidence of home invasion properly admitted, even though defendant acquitted of that offense, in order to help prove defendant's identity as a bank robber and to link him to an accomplice); U.S. v. Smith, 103 F.3d 600, 603-04 (7th Cir. 1996) (defendant's previous robbery of another bank was admissible to prove his identity); U.S. v. Levi, 45 F.3d 453, 455 (D.C. Cir. 1995) (motion to sever prosecution of nine bank robberies in single trial properly denied because *modus operandi* was strikingly similar and therefore evidence of all of the robberies would have been admissible under Rule 404(b) at each individual trial in order to prove defendant's identity); U.S. v. Powers, 978 F.2d 354, 361 (7th Cir. 1992) (evidence of other bank robberies admitted to prove defendant's identity; the "bank robberies and attempt are not in all respects a mirror image . . . but there are sufficient common threads in all the evidence"); U.S. v. Eatherton, 519 F.2d 603, 611 (1st Cir. 1975)(a gun and ski masks introduced at defendant's bank robbery trial because they "corresponded to functionally similar accessories used a few days before" in another robbery and helped prove defendant's identity).

If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value.  See Fed. R. Evid. 403; United States v. Moore, 732 F.2d 983, 987 (D. C. Cir. 1984).[2]  In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; United States v. James Johnson,

---

[2]     Naturally, nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant.  However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. United States v. Moore, supra, 732 F.2d at 989.  In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 113 S. Ct. 1287 (1993).

802 F.2d 1459, 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting <u>United States v. Day</u>, 591 F.2d 861, 878 (D.C. Cir. 1978)).

Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice." <u>United States v. Perholtz</u>, 842 F.2d 343, 361 (D.C. Cir.), <u>cert. denied</u>, 488 U.S. 821 (1988) (citation omitted). <u>Accord</u> <u>Zafiro v. United States</u>, 506 U.S. 534, 540-41.

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced Rule 404(b) evidence at trial.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney


    *Catherine K. Connelly*
    Catherine K. Connelly
    Assistant United States Attorney
    Mass. Bar No. 649430
    555 4th Street, N.W. #4844
    Washington, DC 20001
    202-616-3384

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 08-171 (HHK)** |
| | : | |
| v. | : | |
| | : | |
| **MARK STUBBLEFIELD** | : | |
| | : | |

**ORDER**

Upon consideration of the Government's Notice of Intent to Introduce Other Crimes Evidence, and the record herein, it is this _____ day of _____, 2008, hereby

ORDERED, that the Government's Motion be Granted.

_____
UNITED STATES DISTRICT JUDGE


copies to:

Catherine K. Connelly
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Jonathan Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004