UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   : | |
| :  | |
| v.    : | Criminal No.  08-171 (HHK) |
| :  | |
| MARK STUBBLEFIELD  : | |
| :  | |

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNT 5 OF THE INDICTMENT

Mr. Mark Stubblefield, by his attorney, Jonathan S. Jeffress, Assistant Federal Public Defender, respectfully submits this Reply in support of his Motion to Dismiss Count Five of the Indictment, which was originally filed as a Motion to Dismiss the Complaint.  The government in this case exceeded the 30 days in which it could lawfully indict Mr. Stubblefield for the conduct alleged in the complaint, which is now alleged in Count 5 of the Indictment.  Accordingly, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.*, Count 5 must be dismissed.

## DISCUSSION

The defense and the government agree that, setting aside the issue of "excludable delay" addressed below, the indictment in this case would have been due on June 12, 2008.[1]  The indictment in this case was in fact returned on June 13, 2008.  Accordingly, the issue defendant's motion presents is whether there is an "excludable" day that should not be counted against the operation of the speedy trial clock.

---

[1] To be clear, defendant's 30-day computation does *not* count the date of defendant's initial appearance in Court on this case, which was May 13, 2008.  The exclusion of that day does not in any way defeat defendant's motion.  To the extent the government's opposition argues otherwise, *see* Gov. Opp. p. 3 ("[f]irst, May 13, 2008, is excluded"), it is based on an incorrect calculation of the 30 days, which (not counting May 13) expired on June 12, 2008, one day before the indictment was returned.

The government argues that the indictment of Mr. Stubblefield on Count 5 did not violate the speedy trial act because there were four "excludable days" between May 13, 2008 and June 13, 2008. The government's argument fails for the reasons set forth below.

I.  **The Days Between Defendant's Initial Appearance And Detention Hearing Are Not Excludable Because No Motion Was Pending.**

First, the government argues that May 14-15, 2008, should be excluded from the speedy trial clock because the government's motion for pretrial detention was under advisement on those days, and the speedy trial act excludes any delay "resulting from any pretrial motion." 18 U.S.C. § 3161(h)(1)(F). This argument fails. Under the operation of 18 U.S.C. § 3142, the statute governing pretrial detention, the motion the government files at the time of a defendant's initial appearance is a motion for a *detention hearing*.[2] *See* 18 U.S.C. § 3142(f) ("[t]he judicial officer shall hold a [detention] hearing . . . upon motion of the attorney for the Government . . ."). Upon the government's motion (and still at the time of the defendant's initial appearance), the presiding judicial officer either grants or denies the government's motion for a detention hearing and, if the motion is granted, schedules a date for the hearing. *See id.*, § 3142(f)(2) ("[t]he hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the government, seeks a continuance . . . Except for good cause . . . a continuance on motion of the attorney for the government may not exceed three days"). At the time of the detention hearing, the presiding judicial officer examines the factors set forth in 18 U.S.C. § 3142(g) and determines whether "there are conditions of release that will

---

[2] This motion is also referred to as a motion for *temporary* detention (or, colloquially, for the "3-day hold" or "10-day hold"), which, if granted, detains the defendant only until the outcome of the detention hearing. *See* 18 U.S.C. § 3142(f)(2) ("The person may be detained pending completion of the hearing").

reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.*, § 3142(g). If the judicial officer determines that there are no such conditions of release, the officer may order the defendant's detention pending trial. *See id.*, §3142(e) ("If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial").

The above understanding of 18 U.S.C. § 3142 was borne out in this case. As the PACER sheet for this case attests, on May 13, 2008, the government moved for the *temporary* detention of Mr. Stubblefield. *See* Ex. 1 (May 13, 2008 PACER entry showing "ORAL MOTION by USA for Temporary Detention as to Mark Stubblefield"). Magistrate Kay immediately granted the government's motion and the case was set down for May 16, 2008, for a combined detention and preliminary hearing. *See id.* (May 13, 2008 PACER entry showing "Oral motion by USA for Temporary Detention, (3-day hold), as to the defendant, heard and granted"). The detention hearing was begun on May 16, 2008 and then continued until May 23, 2008. Following the may 23 hearing, the government moved to commit Mr. Stubblefield pending trial. *See id.* (PACER sheet showing "ORAL MOTION by USA to Commit Defendant" on May 23, 2008). The motion was not opposed and Magistrate Judge Kay ordered Mr. Stubblefield's detention.

Thus, contrary to the government's argument, there was no motion pending in this case between May 13, 2008 and May 16, 2008. The bail statute does not authorize any motion and the Court's docket sheet in this case (Ex. 1) reflects no such motion. The days May 14 and 15, 2008, are, therefore, not "excludable" days under the Speedy Trial Act. Count 5 of the

indictment accordingly must be dismissed. *See, e.g., United States v. Garrett*, 720 F.2d 705, 707 (D.C. Cir. 1983) ("[d]ismissal is mandatory").

**II.     The Days of Defendant's Preliminary and Detention Hearings Are Not Excludable Because They Do Not Arise From "*Other* Proceedings Involving the Defendant."**

The government also argues that the days of Mr. Stubblefield's preliminary and detention hearings (May 16 and May 23) should be excluded because those days qualify as a "period of delay resulting from *other* proceedings concerning the defendant." 18 U.S.C. 3161(h)(1) (emphasis added). The government's argument that core proceedings, mandated by the Federal Rules of Criminal Procedure and by statute, in the very case where the defendant alleges the speedy trial violation, are "*other*" proceedings defies common sense, reads the word "*other*" directly out of the statute, and is surely not what Congress intended in enacting 18 U.S.C. § 3161(h)(1). Under the plain meaning of the Act's language, "other proceedings" clearly does *not* encompass "all proceedings" involving the defendant, such that the days of a defendant's preliminary and detention hearings should be excluded. *See, e.g., United States v. Garrett*, 720 F.2d 705, 710 (D.C. Cir. 1983) ("There is 'undoubtedly a degree of discretion involved in ascertaining the nature of *those proceedings* which fall within the 'other proceedings' language of the statute'" (quoting *United States v. Lopez-Espindola*, 632 F.2d 107, 110 (9th Cir. 1980) (emphasis in original)). Respectfully, if preliminary and detention hearings in the case are "*other* proceedings involving the defendant," than what are *the proceedings* themselves? The Court should not exclude the days of Mr. Stubblefield's preliminary and detention hearings in this case, as those days are not a "period of delay resulting from *other proceedings* concerning the

defendant." 18 U.S.C. § 3161(h)(1) (emphasis added).³

The principal case cited by the government, the Fourth Circuit's opinion in *United States v. Wright*, 990 F.2d 147 (4th Cir. 1993), does support the government's argument. In that case, the district court found that the day of defendant's initial appearance and the day of his detention and preliminary hearing qualified under § 3161(h)(1) as a "period of delay resulting from other proceedings concerning the defendant." On appeal, the court reasoned that "[c]ertainly a Rule 5 hearing is a "'proceeding[] concerning the defendant.'" *Id.* at 148 (quoting § 3161(h)(1)). After excluding those two days from the speedy trial clock, the court held that timing of the indictment did not violate the speedy trial act.

Nowhere did the *Wright* panel address the fact that the word "proceeding" is modified by the word "other." The reason is obvious: there is no logical way to reconcile the phrase "*other* proceeding" with the holding in *Wright* (and the government's argument in this case), that "other proceeding[s]" includes both "other proceedings" *and* the instant proceeding, or, in other words, "all proceedings." Under the government's tortured interpretation of the statute, it is extremely difficult to imagine *any* proceeding whatsoever involving the defendant that does not toll the speedy trial calendar. If Congress had intended for the Speedy Trial Act to work in that fashion, there is simply no reason for it to have included the word "other" prior to the word "proceeding" in § 3161(h).⁴ The government's view of the Act violates the cardinal principle of statutory

---

³ In *United States. v. Van Smith*, --F.3d--, 2008 WL 2583026 (D.C. Cir.), at *7, the D.C. Circuit appears to have excluded the date of a pretrial conference with respect to a *separate* speedy trial computation (the 70-day speedy trial calendar for the time between indictment and trial). *Van Smith* presented a very different set of circumstances and does not control this case.

⁴ If Congress in fact wanted courts to exclude the days of "*all* proceedings" concerning the defendant, it surely would have said so. Given the detail of the exclusions set forth at 18 U.S.C.

construction that a court must "give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *United States v. Menasche*, 348 U.S. 528, 538-39 (1955)); *see also Williams v. Taylor*, 529 U.S. 362, 404 (2000) (describing this rule as a "cardinal principle of statutory construction"); *Market Co. v. Hoffman*, 101 U.S. 112, 115 (1879) ("As early as in Bacon's Abridgement, sect. 2, it was said that a 'statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant").

\* \* \*

There are no "excludable" days that tolled the 30-day limit the government had in which to indict Mr. Stubblefield on Count 5. Accordingly, the government's indictment of Mr. Stubblefield on Count 5 violated the Speedy Trial Act, and the Court should dismiss Count 5 with prejudice.

---

§ 3161(h)(1)(A)-(J), it is apparent that Congress knew how to exclude categories of delay where it wanted to.

FOR THE ABOVE STATED REASONS, Mr. Stubblefield respectfully requests that this Court dismiss Count 5 of the Indictment with prejudice.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, DC  20004
(202) 208-7500, ex 134

# Attachment

CAT B, PRIOR

# U.S. District Court
## District of Columbia (Washington, DC)
### CRIMINAL DOCKET FOR CASE #: 1:08-cr-00171-HHK All Defendants

Case title: USA v. STUBBLEFIELD
Magistrate judge case number: 1:08-mj-00311-AK

Date Filed: 06/13/2008

Assigned to: Judge Henry H. Kennedy

**Defendant (1)**
**MARK STUBBLEFIELD**          represented by **Jonathan Jeffress**
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500
Email: jonathan_jeffress@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**                                **Disposition**

18:2113(a); BANK ROBBERY BY
FORCE OR VIOLENCE; Bank
Robbery
(1-3)

18:2113(a); BANK ROBBERY BY
FORCE OR VIOLENCE; Attempted
Bank Robbery
(4)

18:2113(a); BANK ROBBERY BY
FORCE OR VIOLENCE; Bank
Robbery
(5-7)

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:2113(a) | |

**Plaintiff**

USA                represented by    **Catherine K. Connelly**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Suite 4844
Washington, DC 20001
(202) 616-3384
Email: catherine.connelly2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2008 | 1 | COMPLAINT as to MARK STUBBLEFIELD (1). (Attachments: # 1 Affidavit) (zas, ) [1:08-mj-00311-AK] (Entered: 05/13/2008) |
| 05/13/2008 | | Arrest of MARK STUBBLEFIELD. (zkk) [1:08-mj-00311-AK] (Entered: 05/16/2008) |
| 05/13/2008 | 2 | Arrest Warrant, dated 5/13/08, returned executed on 5/13/08 as to MARK STUBBLEFIELD. (zkk) [1:08-mj-00311-AK] (Entered: 05/16/2008) |
| 05/13/2008 | | ORAL MOTION to Appoint Counsel by MARK STUBBLEFIELD. (zkk) [1:08-mj-00311-AK] (Entered: 05/16/2008) |
| 05/13/2008 | | ORAL MOTION by USA for Temporary Detention as to MARK STUBBLEFIELD. (zkk) [1:08-mj-00311-AK] (Entered: 05/16/2008) |
| 05/13/2008 | | Minute Entry for Initial Appearance as to MARK STUBBLEFIELD held before Magistrate Judge Alan Kay on 5/13/08 : Oral Motion by Defendant to Appoint Counsel, heard and granted. Assistant Federal Public Defender, Jonathan Jeffress, appointed to represent MARK STUBBLEFIELD. Oral Motion by USA for Temporary Detention, (3-day hold), as to the defendant, heard and granted. Preliminary/Detention Hearing set for 5/16/08 at 10:00 AM in Courtroom 7 before Magistrate Judge Alan Kay. Bond Status of Defendant: Defendant Held Without Bond. Defendant committed/commitment issued. Court Reporter: Pro-Typists, Inc.; Ctrm. 7. Defense Attorney: Jonathan Jeffress; U.S. Attorney: Catherine Connelly; Pretrial Officer: Tammy Everitt. (zkk) [1:08-mj-00311-AK] (Entered: 05/16/2008) |

| | | |
|---|---|---|
| 05/16/2008 | | Minute Entry for Preliminary/Detention Hearing as to MARK STUBBLEFIELD held before Magistrate Judge Alan Kay on 5/16/08 : Defendant Held for the Grand Jury - Probable Cause Shown. Detention Hearing held; ruling deferred until 5/23/08 at 9:30 AM in Courtroom 7 before Magistrate Judge Alan Kay. Bond Status of Defendant: Defendant committed/commitment issued. Court Reporter: Pro-Typists, Inc.; Ctrm. 7. Defense Attorney: Jonathan Jeffress; U.S. Attorney: Catherine Connelly; Government Witness: Luis Alberto DeJesus. (kk) [1:08-mj-00311-AK] (Entered: 05/22/2008) |
| 05/23/2008 | | ORAL MOTION by USA to Commit Defendant to Custody of Attorney General. (kk) [1:08-mj-00311-AK] (Entered: 05/28/2008) |
| 05/23/2008 | | Minute Entry for Continuation of Detention Hearing as to MARK STUBBLEFIELD held before Magistrate Judge Alan Kay on 5/23/08 : Oral Motion by USA to Commit Defendant to Custody of Attorney General. The defendant submits to pretrial detention at this time. Government's motion granted. Pretrial Detention ordered. Bond Status of Defendant: Defendant committed/commitment issued. Court Reporter: Pro-Typists, Inc.; Ctrm. 7. Defense Attorney: Jonathan Jeffress; U.S. Attorney: Catherine Connelly; Pretrial Officer: Sharon Smith. (kk) [1:08-mj-00311-AK] (Entered: 05/28/2008) |
| 06/13/2008 | 4 | INDICTMENT as to MARK STUBBLEFIELD (1) on Counts 1-3, 4 and 5-7. (tnr, ) (Entered: 06/17/2008) |
| 06/16/2008 | 3 | ENTERED IN ERROR.....MOTION to Dismiss Case by MARK STUBBLEFIELD. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) Modified on 6/17/2008 (zas, ). [1:08-mj-00311-AK] (Entered: 06/16/2008) |
| 06/17/2008 | | NOTICE re 3 Motion to Dismiss Case; emailed to jonathan_jeffress@fd.org, cc'd 4 associated attorneys -- The PDF file you docketed contained errors: 1. Please file in Criminal Case# 08cr171(HHK) as to MARK STUBBLEFIELD. (zas, ) (Entered: 06/18/2008) |
| 06/18/2008 | | NOTICE OF HEARING as to MARK STUBBLEFIELD: Arraignment is set for 6/24/2008 @ 9:45 AM in Courtroom 27A before Judge Henry H. Kennedy. (tj ) (Entered: 06/18/2008) |
| 06/20/2008 | 5 | MOTION to Dismiss Case by MARK STUBBLEFIELD. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 06/20/2008) |
| 06/20/2008 | 6 | Memorandum in Opposition by USA as to MARK STUBBLEFIELD re 5 MOTION to Dismiss Case (Attachments: # 1 Text of Proposed Order)(Connelly, Catherine) (Entered: 06/20/2008) |
| 06/24/2008 | | Minute Entry for proceedings held before Judge Henry H. Kennedy:Arraignment as to MARK STUBBLEFIELD (1) on Counts 1-3, 4 and 5-7 held on 6/24/2008. Plea of Not Guilty entered as to all counts. Motions due by 7/7/2008. Responses due by 7/18/2008. Replies due by 7/31/2008. Joint Pretrial Statements and Proposed Jury Instructions due by 9/29/08. Jury Selection and Trial set for 10/20/2008 at 09:45 AM in Courtroom 27A before Judge Henry H. Kennedy. Motion Hearing set for 9/23/2008 at 02:00 PM in Courtroom 27A before Judge Henry H. Kennedy. Pretrial Conference set for 10/9/2008 at 04:45 PM in |

| | | |
|---|---|---|
| | | Courtroom 27A before Judge Henry H. Kennedy. Bond Status of Defendant: Defendant committed; commitment issued. (Court Reporter: Annie Shaw;Defense Attorney: Jonathan Jeffress; US Attorney: Catherine K. Connelly) (tnr, ) (Entered: 06/25/2008) |
| 06/25/2008 | 7 | SUPPLEMENT by USA as to MARK STUBBLEFIELD re 6 Memorandum in Opposition (Attachments: # 1 Text of Proposed Order)(Connelly, Catherine) (Entered: 06/25/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/01/2008 16:50:27 | | | |
| PACER Login: | fp0112 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:08-cr-00171-HHK |
| Billable Pages: | 2 | Cost: | 0.16 |