IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. | Criminal No.  08-171 (HHK) |
| MARK STUBBLEFIELD | |

**MOTION TO SUPPRESS IDENTIFICATION EVIDENCE
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant Mark Stubblefield, through undersigned counsel, respectfully moves the Court for an Order suppressing as evidence against him at trial testimony about out-of-court and in-court identifications, on the ground that law enforcement agents and/or officers used identification procedures that were unnecessarily suggestive.  The resulting identifications of Mr. Stubblefield are unreliable and testimony about them should not be permitted at trial.  An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS**[1]

Mark Stubblefield is charged in a seven-count indictment with seven counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a).  The charges arise out of a bank robberies that occurred between January 29, 2008 and April 21, 2008.  In addition, the government has filed a notice of its intention to present evidence under Fed. R. Evid. 404(b) concerning at least one additional bank robbery, including one that occurred on April 25, 2008 in Arlington, Virginia.[2]

At some point during the investigation of these robberies, law enforcement officers and

---

[1] This statement of facts is a summary based on the police reports and other discovery materials.  By including in this motion facts as alleged by the government, Mr. Stubblefield does not concede that these facts are accurate or true.

[2] The defense opposes the government's 404(b) motion and intends on filing a motion *in limine* to exclude the government's proposed 404(b) evidence.

agents prepared photo arrays containing multiple photos, including a photo of Mr. Stubblefield. The officers showed those photo arrays to persons who were present at the banks during the robberies. Several individuals identified Mr. Stubblefield as the robber. The defense is presently unaware of many issues relevant to these identifications, including but not limited to the procedures used for preparing the photo arrays and the procedures used in having the alleged witnesses offer identifications from the arrays.

## ARGUMENT

I.  **BOTH IN-COURT AND OUT-OF-COURT IDENTIFICATION EVIDENCE MUST BE SUPPRESSED.**

Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification[s]" in violation of the Due Process Clause. *See Manson v. Braithwaite,* 432 U.S. 98, 107 (1977); *see also Simmons v United States*, 390 U.S. 377, 384 (1968); *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967). "[R]eliability is the linchpin in determining the admissibility of identification testimony." *Manson*, 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the Court should weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

*Id.*

After an out-of-court identification that was unduly suggestive, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness

rests on a source independent of the tainted pretrial identification. *See United States v. Wade*, 388 U.S. 218, 241 (1967). If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification almost always will be inadmissible. *See Simmons*, 290 U.S. at 383–84.

In this case, evidence exists that the investigating agents and/or officers used unnecessarily suggestive identification procedures giving rise to a "substantial likelihood of irreparable misidentification[s]" of Mr. Stubblefield. *Manson*, 432 U.S. at 107. Therefore, the Court should suppress evidence of both out-of-court and in-court identifications of Mr. Stubblefield. Because the defense has not received complete information about the circumstances of the identifications at this time, Mr. Stubblefield's counsel requests that, at an evidentiary hearing, he be permitted to inquire into the circumstances of the identifications so that he can demonstrate to the Court the unnecessary suggestivity of the procedures and the unreliability of the resulting identifications.[3]

---

[3] Mr. Stubblefield may request leave to supplement this motion upon receipt of further discovery about the identification procedures, or following a hearing at which his counsel is able to elicit such information.

## **CONCLUSION**

For the foregoing reasons, and any others which may appear to the Court following a hearing, Mr. Stubblefield requests that the Court grant a hearing and suppress the identification evidence.

Respectfully submitted,
A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500, ex. 134
(202) 208-7515 (fax)
Jonathan_Jeffress@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA :** | : | |
| | : | |
| **v.** | : | Criminal No.  08-171 (HHK) |
| | : | |
| **MARK STUBBLEFIELD** | : | |
| | : | |

**ORDER**

Upon consideration of Defendant Stubblefield's Motion to Suppress Identification Evidence, the Memorandum in Support thereof, the government's Response thereto, and the record of the evidentiary hearing in this matter, it is hereby

**ORDERED** that defendant's Motion is granted; and it is further

**ORDERED** that evidence of the out-of-court and in-court identifications of Mr. Stubblefield are hereby suppressed.

**SO ORDERED** this day of _____, 2008.

_____
The Honorable Henry H. Kennedy
United States District Judge