UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA : | : | |
| | : | |
| v. | : | Criminal No. 08-171 (HHK) |
| | : | |
| MARK STUBBLEFIELD | : | |
| | : | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND RELATED EVIDENCE**

Defendant Mark Stubblefield, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him statements taken by law enforcement on or about May 12, 2008, as well as certain related evidence. Mr. Stubblefield's statements were taken in violation of *Miranda* and the Fifth Amendment. The motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

**FACTUAL BACKGROUND**

Mark Stubblefield is charged in a seven-count indictment with six counts of unarmed bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). The charges arise out of bank robberies and one alleged attempted bank robbery that occurred between January 29, 2008 and April 21, 2008. In addition, the government has filed a notice of its intention to present evidence under Fed. R. Evid. 404(b) concerning at least one additional bank robbery, which allegedly occurred on April 25, 2008 in Arlington, Virginia.[1]

On Monday, May 12, 2008, law enforcement officers allegedly "received information from a confidential source" that Mr. Stubblefield was at the corner of 7th and Rhode Island, NW.

---

[1] The defense opposes the government's 404(b) motion and intends on filing a motion *in limine* to exclude the government's proposed 404(b) evidence.

Officers responded to the scene and pursued Mr. Stubblefield. After arresting Mr. Stubblefield, officers questioned Mr. Stubblefield and he allegedly gave officers a fake name and date of birth ("Michael Smith," d.o.b. "9/28/57").

After Mr. Stubblefield was transported to MPD headquarters, officers processed Mr. Stubblefield. During this process, the officers injured Mr. Stubblefield, deliberately hitting his head in a manner that caused an inch-long gash on Mr. Stubblefield's forehead. The officers allege that after this incident, Mr. Stubblefield was "blowing up his cheeks" in order to create an inaccurate photograph and thereby subvert the photo identification array. The government may attempt to use Mr. Stubblefield's post-arrest statements and actions at the trial of this matter. For the reasons stated below, Mr. Stubblefield's post-arrest statements and actions (including "blowing up his cheeks") should be suppressed.

## DISCUSSION

**I.    All Statements Made by Mr. Stubblefield Must Be Suppressed Because They Were Made Involuntarily and in Violation of *Miranda*.**

   **A.    Mr. Stubblefield's Statements were Involuntary.**

The government has alleged that Mr. Stubblefield made a statement or statements to police officers. Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. *See Lego v. Twomey*, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the

interrogation." *Mincey v. Arizona*, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. *Fikes v. Alabama*, 352 U.S. 191 (1957; *see also Gallegos v. Colorado*, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); *Clewis v. Texas*, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear Mr. Stubblefield's free will in relation to his capacity to resist those efforts. *See Davis v. North Carolina*, 384 U.S. 737 (1966); *Culombe*, 367 U.S. at 607. The Court must examine Mr. Stubblefield's "background, experience, and conduct," *North Carolina v. Butler*, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. *Blackburn v. Alabama*, 361 U.S. 199, 208 (1980). Here, particularly given the officers' treatment of Mr. Stubblefield and Mr. Stubblefield's resulting injury, the evidence at a hearing will show that any statements and actions by Mr. Stubblefield were made involuntarily and thus must be suppressed under the Fifth Amendment.[2]

    **B.**    **Mr. Stubblefield's Statements were Made in Violation of *Miranda*.**

Even if the statements were made voluntarily, *Miranda* requires suppression of Mr. Stubblefield's statements during the government's case-in-chief because Mr. Stubblefield

---

[2] In addition to the above, the events at MPD headquarters should be suppressed because of the officers' beating of Mr. Stubblefield. To the extent any of the government's evidence relates to this incident, it should be suppressed because the improper use of physical force against Mr. Stubblefield violated his rights under the Due Process clause, and would also lead to confusion of the issues under Federal Rule of Evidence 403. In the event this Motion is denied, Mr. Stubblefield must be permitted to present evidence at trial concerning his treatment by the officers.

was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. *See, e.g., Pennsylvania v. Muniz*, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under *Miranda* when he "has been . . . deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

      In this case, Mr. Stubblefield's statements were given prior to the administration of *Miranda* rights. The government must therefore establish that those statements were not the product of custodial interrogation. Failing such a showing, the statements must be suppressed.

## **CONCLUSION**

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Stubblefield requests that the Court suppress any and all statements made by Mr. Stubblefield, as well as the other circumstances following Mr. Stubblefield's arrest, including the circumstances surrounding the identification photograph.  Mr. Stubblefield requests an evidentiary hearing on this motion.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/s/_____
        Jonathan S. Jeffress
        <u>Counsel for Mark Stubblefield</u>
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Ste 550
        Washington, D.C.  20004
        (202)  208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA :** : : | |
| v. : | Criminal No. 08-171 (HHK) |
| **MARK STUBBLEFIELD** : : | |

### ORDER

Upon consideration of defendant's motion to suppress, and any opposition thereto, it is hereby

**ORDERED** that defendant's motion is **GRANTED**.

_____
THE HONORABLE HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

DATE: