## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO.  08-171 (HHK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MARK STUBBLEFIELD** | **:** | |
| | **:** | |

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ARGUMENT, CROSS-EXAMINATION, AND EVIDENCE REGARDING LAW ENFORCEMENT EFFORTS TO SUBDUE THE DEFENDANT AT THE CENTRAL CELLBLOCK

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this motion in limine to exclude argument, cross-examination, and evidence regarding law enforcement efforts to subdue the defendant at the Central Cellblock of the Metropolitan Police Department and the resulting cut on the defendant's forehead.  In support of this motion, the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

1.      The defendant has been charged in a seven-count indictment with six counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a).  Between January 29, 2008, and April 21, 2008, the defendant robbed six banks in Washington, D.C., and attempted to rob an additional bank in the District.[1]  A detailed discussion of the facts of each offense is provided in the Government's Omnibus Opposition, which was filed on November 7, 2008 (docket entry #22).

2.      One of the victim bank tellers met with a Secret Service sketch artist, who composed a sketch of the suspect.  This sketch was circulated throughout Washington, D.C. by the

---

[1] During this period of time the defendant also robbed at least one bank in Arlington, Virginia.  Information about that robbery was provided in the government's Notice of Intent to Introduce Other Crimes Evidence.

Metropolitan Police Department (MPD) and the Federal Bureau of Investigation (FBI).  While canvassing the city with a flyer containing the sketch, an FBI agent encountered a citizen who identified the subject of the sketch as someone he/she knew.  The citizen further indicated that the suspect frequented the area surrounding 7th Street, NW, and Florida Avenue, NW.

3.      On May 12, 2008, the citizen contacted the FBI agent and stated that the suspect was located at 7th Street and Rhode Island Avenue, NW, Washington, D.C.  MPD officers responded to the scene in a marked police car.  As the police officers approached, the suspect, later identified as the defendant, fled on foot.  A chase ensued, and the defendant was apprehended at the rear of 626 S Street, NW, Washington, D.C.  The defendant was subsequently arrested for possession of drug paraphernalia.  At this time, the defendant provided the name of Michael Smith.

4.      The defendant was taken to MPD Headquarters and placed in a holding room.  While waiting to be interviewed, the defendant yelled for law enforcement to return to the room in which he was waiting, and MPD Detective Elmer Baylor responded immediately.  Detective Baylor advised the defendant that Detective Baylor was trying to locate some coffee for the defendant, but was unable to do so.  Detective Baylor then asked the defendant if he would like a soda, since coffee was unavailable.  The defendant requested soda, and shortly thereafter Detective Baylor returned with a soda for the defendant.  At that time, the defendant requested some crackers or candy.  Detective Baylor left and returned minutes later with some crackers, which the defendant promptly ate.  After the defendant had something to eat and drink, Detective Baylor proceeded to ask the defendant a series of background questions.  Detective Baylor advised the defendant that he was in custody for possession of drug paraphernalia.  Detective Baylor then read the defendant his Miranda rights, at which time the defendant invoked his right to counsel, although he refused to sign the rights card.

This process was recorded on a VHS tape that has been provided to defense counsel.

5.     After the interview was stopped, Detective Baylor escorted the defendant to the Central Cellblock, which is located on the basement level of MPD Headquarters.   When the defendant entered the fingerprint area of the Central Cellblock, he initially resisted giving his fingerprints and flexed his fist at one of the police officers in the cell block.   Law enforcement attempted to subdue the defendant, which resulted in a cut on the defendant's forehead.

6.     The officers' efforts to subdue the defendant at the Central Cellblock and the resulting cut on the defendant's forehead are not relevant in this case.   Federal Rule of Evidence 402 excludes evidence that "is not relevant."   Under Federal Rule of Evidence 401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."   The advisory committee notes to Rule 401 state that "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.   Does the item of evidence tend to prove the matter sought to be proved?"   Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

7.     The incident in the Central Cellblock occurred after the alleged bank robberies and apprehension of the defendant.   This incident also occurred after the defendant provided the booking information that this Court ruled, on December 9, 2008, is admissible at trial.   In short, there is no basis for argument, cross-examination, or evidence on the incident because it is irrelevant as a matter

3

of law.  Moreover, any such argument, cross-examination, or evidence would unfairly prejudice the government, confuse the issues, and mislead the jury.

For the foregoing reasons, the United States respectfully requests that the Court exclude argument, cross-examination, and evidence regarding law enforcement efforts to subdue the defendant at the Central Cellblock of the Metropolitan Police Department and the resulting cut on the defendant's forehead.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
Catherine K. Connelly, Mass.  Bar No. 649430
Stephanie Brooker, D.C. Bar No. 475321
Assistant United States Attorneys
555 4th Street, N.W.  #4844
Washington, D.C. 20001
202-616-3384