UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  08-171 (HHK) |
| | : | |
| v. | : | |
| | : | |
| MARK STUBBLEFIELD | : | |
| | : | |

**GOVERNMENT'S LIMITED MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S POSSESSION OF A GLASS STEM PIPE WITH COCAINE, HIS DRUG USE, AND HIS PURCHASE OF DRUGS IN RESPONSE TO DEFENSE ARGUMENT, EVIDENCE, OR CROSS-EXAMINATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this limited motion in limine to admit evidence of (1) the defendant's possession of a glass stem pipe with cocaine residue at the time that he was arrested on May 12, 2008, (2) his drug use, and (3) his purchase of drugs, in response to any defense argument, evidence, or cross-examination regarding the lack of money found in the defendant's possession on May 12, 2008.  In support of this motion, the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

1.  The defendant has been charged in a seven-count indictment with six counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a).  Between January 29, 2008, and April 21, 2008, the defendant robbed six banks in Washington, D.C., and attempted to rob an additional bank in the District.  On January 6, 2009, the Court granted the Government's motion to admit evidence of the defendant's robbery of a Bank of America branch in Arlington, Virginia, on April 25, 2008.  A detailed discussion of the facts of each offense is provided in the Government's Omnibus Opposition, which was filed on November 7, 2008 (docket entry #22), and the Government's Notice of Intent to Introduce 404(b)

Evidence, which was filed on July 7, 2008 (docket entry #10).

    2.    One of the victim bank tellers met with a Secret Service sketch artist, who composed a sketch of the suspect. This sketch was circulated throughout Washington, D.C. by the Metropolitan Police Department (MPD) and the Federal Bureau of Investigation (FBI). While canvassing the city with a flyer containing the sketch, an FBI agent encountered a citizen who identified the subject of the sketch as someone he/she knew. The citizen further indicated that the suspect frequented the area surrounding 7th Street, NW, and Florida Avenue, NW.

    3.    On May 12, 2008, the citizen contacted the FBI agent and stated that the suspect was located at 7th Street and Rhode Island Avenue, NW, Washington, D.C. MPD officers responded to the scene in a marked police car. As the police officers approached, the suspect, later identified as the defendant, fled on foot. A chase ensued, and the defendant was apprehended at the rear of 626 S Street, NW, Washington, D.C. The defendant had a glass stem pipe in his pocket. The defendant was arrested for possession of drug paraphernalia. The Drug Enforcement Administration (DEA) Laboratory analyzed the pipe and found cocaine residue.[1]

    4.    Between the six bank robberies charged in this offense and the Virginia robbery admitted as 404(b) evidence, the defendant obtained approximately $17,000. At the time of the stop on May 12, 2008, the defendant had approximately $274.

    5.    The government has evidence, including but not limited to the defendant's possession of the drug paraphernalia and cocaine residue on May 12, 2008, that the defendant used the money that he obtained in the bank robberies to purchase illegal narcotics for himself and others. The defense may argue, admit evidence, or cross-examine government witnesses regarding the fact that,

---

[1] The DEA analysis has been provided to the defense.

on May 12, 2008, the defendant did not have a quantity of money in his possession similar to the amount obtained in the bank robberies. If the defense so argues, admits evidence, or cross-examines government witnesses on the lack of money, the government seeks to admit evidence of (1) the defendant's possession of a pipe with cocaine residue at the time that he was arrested on May 12, 2008, (2) his drug use, and (3) his purchase of drugs to explain the lack of money.

6. If the defense opens the door to the issue of the lack of money, the Court should permit the government to rebut the defense argument, evidence, or cross-examination with evidence of the defendant's use of the money to purchase illegal narcotics. Under the doctrine of curative admissibility, "the trial court [is] granted discretion to permit a party to introduce otherwise inadmissible evidence on an issue . . . when it is needed to rebut a false impression that may have resulted from the opposing party's evidence." Henderson v. George Washington University, 449 F.3d 127, 186-187 (D.C. Cir. 2006) (internal quotation marks and citation omitted). Nevertheless, the "[i]ntroduction of otherwise inadmissible evidence under [the] shield of [curative admissibility] is permitted only to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence." United States v. Brown, 921 F.2d 1304, 1307 (D.C. Cir. 1991) (internal quotation marks and citation omitted). Although the D.C. Circuit has stated that "the range of otherwise-inadmissible evidence that may be squeezed through an 'open door' is limited," the government "may prevent a defendant from using rules of evidence to select and enter pieces of evidence wholly out of context[.]" Id.

7. If the defense is permitted to argue, introduce evidence, or cross-examine government witnesses on the lack of money comparable to the amount taken in the bank robberies, the government should be permitted to put the issue in context and remove the unfair prejudice from

such an argument. If the government is not permitted to do so, the jury will be left with a distorted and unfair view of the facts underlying this case.

For the foregoing reasons, the United States respectfully requests that the Court permit the government to admit evidence of (1) the defendant's possession of a pipe with cocaine residue at the time that he was arrested on May 12, 2008, (2) his drug use, and (3) his purchase of drugs, in response to any defense argument, evidence, or cross-examination regarding the lack of money found in the defendant's possession on May 12, 2008.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

/s/
Catherine K. Connelly, Mass. Bar No. 649430
Stephanie Brooker, D.C. Bar No. 475321
Assistant United States Attorneys
555 4th Street, N.W.  #4844
Washington, D.C. 20001
202-616-3384